| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | GIBSON, DUNN & CRUTCHER LLP<br>DOUGLAS FUCHS, SBN 196371<br>　DFuchs@gibsondunn.com<br>NICOLA HANNA, SBN 130694<br>　NHanna@gibsondunn.com<br>JIMMY ROTSTEIN, SBN 305072<br>　JRotstein@gibsondunn.com<br>RAYCHEL TEASDALE, SBN 335034<br>　RTeasdale@gibsondunn.com<br>BRENNA GIBBS, SBN 342388<br>　BGibbs@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>*Attorneys for Defendant*<br>*Andrew A. Wiederhorn* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW A. WIEDERHORN,<br>WILLIAM J. AMON,<br>REBECCA D. HERSHINGER, and<br>FAT BRANDS INC.,<br><br>　　　　Defendants. | CASE NO. 2:24-CR-00295-RGK<br><br>**DECLARATION OF DOUGLAS FUCHS IN SUPPORT OF DEFENDANTS' UNOPPOSED *EX PARTE* APPLICATION FOR AN ORDER (1) CONTINUING THE TRIAL DATE; AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT**<br><br>**CURRENT TRIAL DATE: 10/28/25**<br>**PROPOSED TRIAL DATE: 2/24/26** |

I, Douglas Fuchs, declare as follows:

1. I am an attorney at Gibson, Dunn & Crutcher LLP, counsel of record in this action for Defendant Andrew A. Wiederhorn ("Mr. Wiederhorn"). I am a member of the Bar of the State of California and have been admitted to practice before this Court. I submit this Declaration in support of Defendants' Unopposed *Ex Parte* Application For An Order (1) Continuing The Trial Date; And (2) Findings Of Excludable Time Periods Pursuant To Speedy Trial Act. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called to do so.

2. I was an Assistant U.S. Attorney at the United States Attorney's Office in Los Angeles from 2000 – 2007, where I was Deputy Chief of the Major Frauds section. For the past 18 years I have been at Gibson, Dunn & Crutcher, focusing primarily on white collar criminal defense and investigations.

3. On January 7, 2025, the Palisades Fire started. My wife and I have lived in the Pacific Palisades since 2009. We built our home and raised our three children there—two of which are now in college and one of which lives at home. When the fire started, I was traveling for work and had only enough possessions and clothing to last a few days. My wife was at home, and once the evacuation order was issued, she had to quickly gather as many belongings as she could. She evacuated with only a car full of possessions.

4. We now have confirmation that our home—as well as everything inside of it—has burned down. We lost cherished family heirlooms, inherited art, undigitized photographs, the drawings and crafts made by our children, all of our furniture, a baseball card collection, our children's childhood mementos, jewelry, clothing, and a car, among many other items. In addition, I lost nearly all of my hard copy work product for this case, which was extensive. My practice is to have hard copy binders of all relevant documents. I take handwritten notes on these documents and much of my case analysis was notated in these binders. Inserted below are photographs taken of my home and property:





5. It is an understatement to say this has caused immense hardship for me and my family. Until recently, my family moved every few days between our friends' houses and hotels. We have now found a temporary rental home; however, I will likely need to find longer-term housing. I have spent countless hours on the phone with my insurance company to determine my coverage and obtain funds necessary to rebuild, replace the items we lost, and provide for temporary living arrangements. I have attended and continue to attend meetings to understand the clean-up and rebuilding process. I have had to replace my and my family's clothing and other necessary items, change our

address and collect mail from a remote post office, cancel services at the house that was destroyed, establish new services at our rental house, and work with various government agencies to file claims. These are just a few examples of what we are going through, and will continue to go through. I am working with the Army Corps of Engineers to give access to the property so that they can remove the toxic debris. We are only permitted to build once the property has been sufficiently remediated by the Army Corps, which is estimated to take at least 18 months. The rebuilding process, in total, is estimated to take 4–5 years.

6. This disaster has made it difficult for me to focus and fully prepare for trial in this matter. I have been addressing the seemingly endless list of tasks required to rebuild nearly every facet of our life. The modest continuance requested will help alleviate this pressure and allow me to provide Mr. Wiederhorn the defense to which he is entitled.

7. In addition to myself, another core member of the defense team, Daniel Nowicki, has been displaced by the Eaton Fire. His home suffered extensive smoke and ash damage, and he will not be able to return unless and until his home undergoes exhaustive remediation, which may take years. He has similarly been focused on finding housing for his family—including his two young children and pregnant wife.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 11, 2025, at Los Angeles, California.

_____
Douglas Fuchs