# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | 2:24-cr-00295-RGK | | Date | August 1, 2025 |
|---|---|---|---|---|
| Title | *United States of America v. Andrew A. Wiederhorn et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Joseph Remigio (not present) | Not Reported | Kevin B. Reidy |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Wiederhorn | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|

**Proceedings:**     **(IN CHAMBERS) Order to Show Cause Re: Government's Unopposed Motion to Dismiss Indictment Without Prejudice Against All Defendants [132]**

On May 9, 2024, the grand jury returned an Indictment charging Andrew A. Wiederhorn, William J. Amon, Rebecca D. Hershinger, and FAT Brands Inc. with several counts arising out of Wiederhorn's alleged scheme to conceal $47 million in distributions he received from FAT and its affiliate, FOG Cutter Capital Group Inc., in the form of shareholder loans. (ECF No. 1.)

Presently before the Court is the Government's Unopposed Motion to Dismiss the Indictment Without Prejudice Against All Defendants Pursuant to Federal Rule of Criminal Procedure 48(a). (ECF No. 132.) For the following reasons, the Court **ORDERS** the Government to **SHOW CAUSE** in writing why the Court should grant leave to dismiss the Indictment.

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Rule 48(a) is a departure from the common law, under which a prosecutor had unrestricted authority to dismiss charges without any involvement by the court. *United States v. Gonzalez*, 58 F. 3d 459, 460 (9th Cir. 1995). In deciding whether to grant leave to dismiss, a district court must "grant considerable deference to the prosecutor" under Rule 48(a). *Id.* at 461. Indeed, a district court's denial of an unopposed motion to dismiss an indictment under Rule 48(a) may only be appropriate where "the motion was clearly contrary to manifest public interest." *United States v. Garcia-Valenzuela*, 232 F. 3d 1003, 1008 (9th Cir. 2000) (quoting *Gonzalez*, 58 F. 3d at 462). Still, "to honor the purpose of the rule, the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment." *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984); *see United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997); *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982); *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973); *United States v. Roblero*, 2024 WL 994640, at *2 (S.D. Cal. Mar. 7, 2024). Here, the Government's Motion lacks any such explanation.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:24-cr-00295-RGK | Date | August 1, 2025 |
|----------|-------------------|------|----------------|
| Title | *United States of America v. Andrew A. Wiederhorn et al.* | | |

Accordingly, the Court **ORDERS** the Government to **SHOW CAUSE** in writing why the Court should grant leave to dismiss the Indictment. The Government shall file its response within **seven (7) days** of this Order.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | JRE/aa |